CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICKY PRIDGEON, | : | Civil No. 09-2310 (AET) |
| Plaintiff, | : | |
| | : | **ORDER** |
| v. | : | |
| MONMOUTH COUNTY JAIL, et al., | : | |
| Defendants. | : | |

It appearing that:

1. On May 14, 2009, the Clerk received the above civil rights complaint from Plaintiff, a prisoner incarcerated at Monmouth County Correctional Institution. Plaintiff asserts that Monmouth County, Monmouth County Jail and Asbury Park Police violated his rights under the Fourth Amendment by detaining him without a probable cause hearing or a proper warrant.

2. By Order entered May 22, 2009, this Court administratively terminated the action pursuant to Local Civil Rule 5.1(f) on the ground that Plaintiff failed to either prepay the $350.00 filing fee or apply for in forma pauperis status. However, this Court advised Plaintiff that the case would be reopened if, within 30 days, Plaintiff either prepaid the $350.00 filing fee **or** submitted to the Clerk an affidavit of poverty and a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined, as required by 28 U.S.C. § 1915(a).

3. On June 12, 2009, the Clerk received from Plaintiff an affidavit and a prison account statement from Monmouth County Correctional Facility dated February 2, 2009, covering the

period from June 25, 2008, through February 2, 2009.

    4. Plaintiff's application to proceed in forma pauperis is incomplete because: (a) the account statement does not cover the six month period immediately preceding the filing of the Complaint, and (b) the account statement is not certified by an official from Monmouth County Correctional Facility, as required by 28 U.S.C. § 1915(a)(2).

    IT IS THEREFORE on this 22nd day of June, 2009,

    ORDERED that the file is reopened; and it is further

    ORDERED that the Clerk shall make a new and separate docket entry reading "CIVIL CASE REOPENED;" and it is further

    ORDERED that Plaintiff's application to proceed in forma pauperis is DENIED WITHOUT PREJUDICE to reapplying; and it is further

    ORDERED that the Clerk shall administratively re-terminate this action; and it is further

    ORDERED that administrative termination is not a "dismissal" for purposes of the statute of limitations, and if this case is reopened pursuant to this Order, it is not thereby subject to the statute of limitations bar, provided the original Complaint was timely.  See Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

    ORDERED that Plaintiff may have the above entitled case reopened again if, within 30 days of the date of the entry of this Order, Plaintiff either pre-pays the $350.00 filing fee **or** submits to the Clerk a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was

confined, as required by 28 U.S.C. § 1915(a); and it is further

ORDERED that, if Plaintiff prepays the $350.00 filing fee or files the required documents within 30 days of the date of the entry of this Order, then the Court will enter an order reopening the file in order to decide his application to proceed in forma pauperis and/or screen the Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

ORDERED that the Clerk shall serve this Order upon Plaintiff by regular mail and shall re-close the file; and it is finally

ORDERED that the Clerk shall make a new and separate docket entry reading: "CIVIL CASE TERMINATED."

        s/ Anne E. Thompson
**ANNE E. THOMPSON, U.S.D.J.**