**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RICKY PRIDGEON,                          :
                                         :
                Plaintiff,        :          Civil No. 09-2310 (AET)
                                         :
            v.                 :
                                         :
MONMOUTH COUNTY JAIL, et al.,            :          **O P I N I O N**
                                         :
                Defendants.       :
_____:

**APPEARANCES:**



    RICKY PRIDGEON, #28268, Plaintiff <u>Pro Se</u>
    Monmouth County Correctional Institution
    1 Waterworks Road
    Freehold, New Jersey 07728

**THOMPSON**, District Judge:

    Ricky Pridgeon, a prisoner incarcerated at Monmouth County Correctional Institution,

seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. §

1915. Based on his affidavit of poverty, prison account statement and the apparent absence of

three qualifying dismissals, pursuant to 28 U.S.C. § 1915(g), this Court will grant Plaintiff's

application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Amended Complaint

without prepayment of the filing fee.[1] Having thoroughly reviewed Plaintiff's allegations, this

Court will dismiss the Complaint, without prejudice to the filing of a second amended complaint.

<u>See</u> 28 U.S.C. § 1915(e)(2)(B).

_____

    [1] This Court previously denied Plaintiff's applications to proceed <u>in forma pauperis</u>
without prejudice and administratively terminated the case. As Plaintiff thereafter submitted an
Amended Complaint and reapplied for <u>in forma pauperis</u> status. This Court will reopen the file.

## I. BACKGROUND

Plaintiff asserts violation of his Fourth Amendment rights by Monmouth County Jail, Monmouth County, and the Asbury Park Police Department. He asserts the following facts:

> On 6/17/08 the County of [Monmouth] violated my Fourth
> Amendment by not showing probable cause for and arrest must do
> so as soon as is reasonably as 72 hours in which one year is
> unreasonably delay 6/8/09 also Monmouth County Jail on 6/16/08
> accepted me without proper document to detain a person without a
> complaint warrant. On 9/22/08 question warden about document
> of proff to justify arrest 1/20/09 I received a bail sheet of proff of
> arrest I requested proff Judge signature to justify incarceration
> 2/12/09 there was no results. Also Asbury Park police department
> one or arrested me 6/16/08 illegally without probable cause or
> proff of an arrest warrant. Violation of my Fourth and 14th
> Amendment of due process of the law.

(Docket entry #3 at p. 7.)

## II. STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915A(a). The PLRA requires the Court to dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

As for failure to state a claim, the Supreme Court recently refined the standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Citing its recent opinion in Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal,

129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Court identified two working

principles underlying Twombly:

> First, the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of a cause of action, supported
> by mere conclusory statements, do not suffice . . . . Rule 8 . . . does
> not unlock the doors of discovery for a plaintiff armed with
> nothing more than conclusions.  Second, only a complaint that
> states a plausible claim for relief survives a motion to dismiss.
> Determining whether a complaint states a plausible claim for relief
> will . . . be a context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense.  But where
> the well-pleaded facts do not permit the court to infer more than
> the mere possibility of misconduct, the complaint has alleged - but
> it has not "show[n]" - "that the pleader is entitled to relief."  Fed.
> Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted); see also Fowler v. UPMC Shadyside, 578 F.

3d 203, 210-11 (3d Cir. 2009) (citations and internal quotation marks omitted); McTernan v. City

of York, 577 F. 3d 521, 530 (3d Cir. 2009).

      The Court is mindful that the sufficiency of this pro se pleading must be construed

liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim

without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See

Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002).  With these precepts in

mind, the Court will determine whether the Complaint should be dismissed for failure to state a

claim upon which relief may be granted.

### III.  DISCUSSION

Section 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

In this Complaint, Plaintiff claims that the Monmouth County Jail and the Asbury Park Police Department violated his Fourth Amendment rights and 42 U.S.C. § 1983.  However, neither a jail nor a police department is a "person" which may be found liable under § 1983.  See Petaway v. City of New Haven Police Dept., 541 F. Supp. 2d 504, 510 (D. Conn. 2008); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 825-26 (D.N.J. 1993); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-894 (E.D. Va. 1992).  Although Monmouth County is a municipal entity that may be subject to suit under 42 U.S.C. § 1983, see Ryan v. Burlington County, NJ, 889 F. 2d 1286, 1289 n.1, 1290 (3d Cir. 1989), a municipal entity cannot be held liable under 42 U.S.C. § 1983 solely because it employs a tortfeasor.  See Monell v. Dept. of Social Services of

4

City of New York, 436 U.S. 658, 694 (1978). Rather, "it is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. Because Plaintiff's allegations do not show that the execution of a policy or custom adopted by the County of Monmouth County inflicted the constitutional injury, the Complaint fails to state a claim against the county and will be dismissed. However, because Plaintiff may be able to state a cognizable claim under § 1983 by filing an amended complaint against the county and/or the individual(s) who allegedly caused violation of Plaintiff's constitutional rights, this Court will grant Plaintiff 30 days to file an amended Complaint.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants in forma pauperis status and dismisses the Complaint without prejudice to the filing of an amended complaint. An appropriate Order accompanies this Opinion.

ANNE E. THOMPSON, U.S.D.J.

Dated: _____, 2010